

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

**MEMO ENDORSED**

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

June 9, 2020

**BY ECF**

The Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    ***United States* v. *Carlos Reyes*, 12 Cr. 739-8 (KMK)**

Dear Judge Karas:

      The Government respectfully submits this letter in response to Defendant Carlos Reyes's motion for compassionate release, docketed on June 3, 2020 (ECF Doc. No. 187), and the Court's Order of June 4, 2020 (ECF Doc. No. 188).[1] As set forth below, because Reyes was released from custody on May 20, 2020 and is no longer on supervised release, the Court should deny the motion as moot.

      As background, following supervised release violations by Reyes, on December 10, 2019, the Court terminated Reyes's supervised release when it imposed a sentence of 6 months' imprisonment with no term of supervised release to follow. (*See* ECF Doc. No. 181.) Reyes had been detained in connection with these violation of supervised release proceedings since November 20, 2019.

      On June 3, 2020, Reyes's motion for compassionate release was docketed. (*See* ECF Doc. No. 187.) The motion, which appears to have been written by Reyes at a time when he was then proceeding *pro se*, is dated April 13, 2020.[2] The Government first learned of the motion when it was docketed on June 3, 2020. In his motion, which Reyes appears to have written while he was serving his sentence at Orange County Jail, Reyes notes that he is "due to be released 5/20/20 (according to online records)." (*Id.* at 1.) The May 20, 2020 release date is corroborated by the BOP inmate locator, which states that Reyes was released from custody on May 20, 2020. Further, in an e-mail dated June 4, 2020, which the Government has shared with counsel to Reyes, the U.S. Marshals Service confirmed that Reyes was released from custody on May 20, 2020. Additionally,

---

[1] The Government certifies that it has complied with the Court's June 4, 2020 Order that it "mail a copy of this memo endorsement to Defendant by 6/8/20 and certify that it did so by 6/9/20." (ECF Doc. No. 188.)

[2] On May 5, 2020, the Court ordered that Clinton W. Calhoun, III, Esq. be reassigned to represent Reyes. (*See* ECF. Doc. No. 186.)

Case 7:12-cr-00739-KMK Document 189 Filed 06/09/20 Page 2 of 2
Case 7:12-cr-00739-KMK Document 190 Filed 06/09/20 Page 2 of 2

Page 2 of 2

counsel to Reyes has, on multiple occasions, spoken to a friend of Reyes, who has confirmed that she has recently seen Reyes and he is released from custody and at liberty in the community.

The Government respectfully submits that, because Reyes was released from custody on May 20, 2020, is at liberty in the community, and is no longer on supervised release, the Court should deny the compassionate release motion as moot. *See, e.g., United States v. Wilson*, 697 F. App'x 84, 84-85 (2d Cir. 2017) (summary order) ("Once a prisoner is released, a challenge to the sentence is generally rendered moot." (citation omitted)); *United States v. Atilano-Ruiz*, 581 F. App'x 54 (2d Cir. 2014) (summary order) (concluding that a sentencing appeal "is moot" because the defendant "has been released from prison and is not on supervised release"). Counsel to Reyes, who has been unable to speak to Reyes directly, takes no position on the Government's mootness request.

As Mr. Reyes has, since the filing of his compassionate release request, been released from prison, his application is denied as moot.

So Ordered.

*[signature]*

6/9/20

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: /s/ David R. Felton
David R. Felton
Assistant United States Attorney
(914) 993-1908

cc: Clinton W. Calhoun, III, Esq.
(by ECF)